[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR MODIFICATION OF CHILDSUPPORT (#119)
The plaintiff's motion, dated June 20, 1996, was heard on October 30, 1996. The parties stipulated that any new order entered would be retroactive to August 12, 1996.
The parties' marriage was dissolved on June 24, 1994 at which time the defendant was ordered to pay $157.00 to the plaintiff who was given custody of three of the four children, the remaining child to reside with the defendant. The plaintiff was ordered to pay for the medical insurance for all the children. Her net pay of $219.00 was adjusted to add back a portion of the medical insurance CT Page 9918 premium. The judge found her net disposable income to be $278.00 and found the defendant's net disposable weekly income to be $450.00.
At the present time, the plaintiff's net disposable income, without deducting the health insurance premium, is $377.00. The court finds the defendant's net disposable income, based on the evidence, to be $600.00 weekly. Their combined net is found to be $977.00. Allocation of physical custody remains unchanged. The plaintiff now has medical insurance available to her through her employer. Her financial affidavit shows no deduction for it.
The court must find the child support obligations following § 46b-215a-2 (c). The fractions are 39% for the plaintiff and 61% for the defendant. Favrow v. Vargas, 231 Conn. 1.
The plaintiff is obliged to pay, for one child, 39% of $217.00 or $85.00. The defendant is obligated to pay, for three children, 61% of $380.00 or $235.00. The offset difference is $150.00.
The court concludes that the difference between the present order and the order calculated above is insubstantial and does not warrant a new order.
The plaintiff's motion is denied.
HARRIGAN, J.